# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOWARD JUNIOR JACKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6328** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Howard Junior Jacks, a state inmate, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983.  He sued Sheriff Newell Normand, Chief Monfra, Dr. Walter Smith, Joann Johnson, Charlene Johnson, and Kelly Harris.  In this lawsuit, plaintiff claims that he was denied proper medical care during his former confinement at the Jefferson Parish Correctional Center.

In his complaint, plaintiff states his claims as follows:

In April of 2016, I started seeking medical treatment while I started noticing steady pain to my left hand.  Fearing it was broken, I request medical to see if a X-ray could be perform which I was denied by "L.P.N. Charlene Johnson" solely because she personal felt I only want to see medical to take a walk and stated "If you can move your hand and wrist it's not broken.["]  Still in pain I continued to complain and plead to medical and Correctional Administration till a X-ray was ordered, but then reviewed by "Ms. Johnson" who still said your hand is fine it may just be stiff, and to try to work it out.  Still in pain "2 month" later I was brought to New Orleans University Medical Center for a unrelated incident, but informed "E.R." staff of the long standing condition of my hand.  After a X-ray it was quickly determined I had a broken bone in my wrist which was the cause of my steady discomfort.  Hospital staff inquired as to how long since injurie occur.  When informed of the delayed time period, I was told because of delayed treatment and continued usage of injurie it was highly likely bone would not heal naturally, and most likely require future surgery which was the result on "June 19, 2017" and that if surgery was performed it can cause future medical problems such as long-term joint complications, limited mobility of the wrist.

Jefferson Parish Sheriff "Newell Normand" is the top official over Jefferson Parish Correctional Center, and contracts the medical services provided by "CorrectHealth."    "Chief Monfra" is under Sheriff Normand, and acts as Correctional Centers "warden" and administrator over all departments in the jail. "M.D. Mr. Smith" is "CorrectHealths" medical director for the correctional center medical department.  "Ms. Joann"-R.N. is the departments head nurse, and reviews,

and approves needed procedures. "Charlene Johnson"-L.P.N. is the medical provided who denied me treatment, misdetermined results. Multiple personel was involved at different stages of review such as sick calls reviews, vital checks. R.N. K. Harris was working at the time I was being seen by "Charlene Johnson-L.P.N."[1]

### Federal Claims Against Dr. Walter Smith,

### Joann Johnson, Charlene Johnson, and Kelly Harris

Defendants Dr. Walter Smith, Joann Johnson, Charlene Johnson,[2] and Kelly Harris filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] However, because the defendants presented matters outside of the complaint for the Court's consideration, the parties were notified that the motion would be treated as one for summary judgment pursuant to Rule 56.[4] See Fed. R. Civ. P. 12(d). Plaintiff has opposed the motion.[5]

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings

---

[1] Rec. Doc. 4, pp. 4-6.
[2] The motion lists this defendant's first name as "Charlotte"; however, the complaint gives the defendant's name as "Charlene," as do the medical records.
[3] Rec. Doc. 16.
[4] Rec. Doc. 18.
[5] Rec. Doc. 26.

and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotation marks omitted); accord Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

Here, plaintiff alleges that he had a painful broken wrist which went without appropriate medical treatment and, as a result, he will suffer life-long complications. Obviously, all inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. However, that right is a limited one, and an inmate's federal constitutional right to medical care is violated only if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). The Fifth Circuit has held that "non-life-threatening injuries are a serious medical need where the injuries induced severe pain." Thomas v. Carter, 593 Fed. App'x 338, 342 (5th

Cir. 2014). The undersigned finds that plaintiff's broken bone in his wrist constituted a "serious medical need." See Gray v. Dorning, No. 99-5212, 1999 WL 1336118, at *1 (6th Cir. Dec. 20, 1999) ("We find that [plaintiff's] broken wrist constituted a serious medical need."); cf. Watkins v. Lancor, 558 Fed. App'x 662, 666 (7th Cir. 2014) (holding that an inmate alleging that he was in "extreme pain" from a broken finger had alleged the existence of a serious medical need); Hunt v. Sandhir, 295 Fed. App'x 584, 586 (4th Cir. 2008) (a "fractured elbow" which caused "terrible pain" was a serious medical need); Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (finding that a broken foot was a serious medical need); Sears v. Gusman, Civ. Action No. 16-2935, 2016 WL 4991539, at *2 (E.D. La. Aug. 31, 2016) ("[A] 'broken ankle' causing 'severe pain' can constitute a 'serious medical need.'"), adopted, 2016 WL 4942845 (E.D. La. Sept. 16, 2016).

Nevertheless, in order to prevail, plaintiff must additionally show that his serious medical need was met with deliberate indifference. The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder,

105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Here, defendants have supplied voluminous medical records which they contend disprove any allegation of deliberate indifference.  See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").  Those records reveal:

(1)    Plaintiff was seen by Nurse Charlene Johnson on March 21, 2016, complaining of back pain and limited range of motion in his left hand.  Although he was provided with diagnostic testing for his *back* problem, such testing apparently was not ordered with respect to his *hand* problem[6] – a fact consistent with plaintiff's assertion that Johnson believed that the hand was not broken.

(2)    On May 22, 2016, plaintiff was again examined, his left hand and wrist were swollen, and he was prescribed pain medication.[7]

(3)    For reasons not readily apparent from the records, plaintiff was transported to a hospital emergency room on June 12, 2016.  During that emergency room visit, an x-ray apparently revealed that he had a fractured bone in his wrist, and his wrist was put in a cast.[8]

(4)    Later that month, plaintiff was transferred to East Feliciana Parish.[9]

---

[6] Rec. Doc. 16-3, pp. 100-01 and 206.
[7] Id. at p. 140.
[8] Id. at p. 190.
[9] Id. at pp. 42-44.

(5)     Plaintiff was subsequently transferred back to Jefferson Parish.  On March 21, 2017, the intake screening record noted "broke thumb bone to wrist of left hand, six months,"[10] and he was examined the following day.[11]

(6)     On March 27, 2017, plaintiff submitted a request for medical services complaining that he had been transferred back to the Jefferson Parish Correctional Center with a broken wrist and was not receiving any medical care for the injury.[12]

(7)     On April 10, 2017, plaintiff submitted a request for medical services complaining that his left hand and wrist were causing him "severe pain."[13]

(8)     On April 12, 2017, an x-ray was ordered and pain medication was prescribed.[14]

(9)     On April 15, 2017, plaintiff was examined by the medical staff and appeared well.[15]

(10)    On April 22, 2017, the x-ray of plaintiff's left wrist revealed a fracture.[16]

(11)    On April 25, 2017, plaintiff complained that the "medical brace" he was wearing did not properly support his wrist.  Medical personnel at the jail noted that he had an orthopedic appointment pending.[17]

(12)    On May 10, 2017, plaintiff was examined, prescribed pain medication, assigned a bottom bunk, and an upcoming orthopedic appointment was noted.[18]

(13)    On May 25, 2017, plaintiff reinjured his wrist.[19]  As a result, he was transported to the hospital emergency room, and his wrist was placed in a splint.[20]

---

[10] Id. at p. 122.
[11] Id. at p. 124.
[12] Id. at p. 12.
[13] Id. at p. 11.
[14] Id. at pp. 127-28.
[15] Id.
[16] Id. at p. 10.
[17] Id. at p. 9.
[18] Id. at p. 129.
[19] Id. at p. 191.
[20] Id. at p. 216.

(14)    Plaintiff was thereafter given pain medication at the jail.[21]

(15)    Surgery was then performed on plaintiff's fractured wrist on June 19, 2017.[22]

(16)    Plaintiff was given pain medication following the surgery.[23]

(17)    Plaintiff's wrist apparently healed satisfactorily after the surgery.[24]

While the foregoing medical records do in fact support plaintiff's allegation that he had a fractured wrist which went untreated for a period of time, it does not necessarily follow that his claim warrants relief. Rather, as noted, he can prevail only if he is able to show that his serious medical need was met with deliberate indifference. He cannot make that showing.

The abundant medical records in this case rebut any allegation that plaintiff's medical complaints were ignored or that the medical personnel at the Jefferson Parish Correctional Center refused to treat him. Rather, at worst, one can conclude only that Charlene Johnson initially erred in finding that plaintiff's wrist was not broken. However, as previously noted, "[i]t is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Although a failure to correctly diagnose a fracture may constitute negligence or medical malpractice, it is not indicative of deliberate indifference. See, e.g., Arceneaux v. Leger, No. 06-30918, 2007 WL 3027068, at *1 (5th Cir. Oct. 18, 2007); Duperon v. Strain, Civ. Action No. 12-487, 2012 WL 3202535, at *9 (E.D. La. July 18, 2012), adopted, 2012 WL 3156867 (E.D. La. Aug. 3, 2012); Boone v. Byrd, Civ. Action No. 4:08CV52, 2008 WL 4450298, at *2 (N.D. Miss. Sept. 3, 2008) (adopted by Pepper, J., on Sept. 29, 2008). The same is true of the failure to order an X-ray. Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or

---

[21] Id. at pp. 357-58.
[22] See id. at p. 3.
[23] Id. at pp. 358-59.
[24] See id. at pp. 3-4.

additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice, and as such the proper forum is the state court under [state law].").  Claims founded on negligence or medical malpractice simply are not cognizable under 42 U.S.C. § 1983.  Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

For all of these reasons, the undersigned recommends that the motion filed by Dr. Walter Smith, Joann Johnson, Charlene Johnson, and Kelly Harris be granted and that the federal claims against those defendants be dismissed.

### Federal Claims Against Sheriff Newell Normand and Chief Monfra

As noted, plaintiff has also sued Sheriff Newell Normand and Chief Monfra.  Those defendants, who are represented by different counsel, did not join in the foregoing motion. Nevertheless, the Court may – and in fact should – dismiss the claims against Normand and Monfra *sua sponte* for the following reasons.[25]

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …."  28 U.S.C. § 1915A(b)(1).  Additionally, with respect to actions

---

[25] Normand and Monfra recently filed their own separate motion for summary judgment, Rec. Doc. 27, but that motion has not yet come under submission.  However, because the claims against Normand and Monfra are subject to immediate dismissal as frivolous for the reasons explained herein, the undersigned recommends that, in the interest of judicial economy and efficiency, the claims against them simply be dismissed on that basis and that their motion for summary judgment be denied as moot.

filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …is frivolous …." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Even if the Court assumes for the purposes of this decision that there might be a basis for holding Normand and/or Monfra liable with respect to a medical claim arising at the Jefferson Parish Correctional Center under some circumstances, this clearly is not such a circumstance. For the reasons already noted, there simply was no federal constitutional violation with respect to plaintiff's medical care at the jail. Therefore, necessarily, there is no basis for holding Normand and/or Monfra liable for a nonexistent violation. Accordingly, the Court should dismiss the federal claims against Normand and Monfra as frivolous.

## State Law Claims

Lastly, to the extent that the complaint could perhaps be construed as asserting negligence or malpractice claims against any of the defendants under *state* law, the Court should decline to consider any such state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims

over which it has original jurisdiction....”); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) (“Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action.”); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) (“When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.”).  If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the motion filed by Dr. Walter Smith, Joann Johnson, Charlene Johnson, and Kelly Harris, Rec. Doc. 16, be **GRANTED** and that the federal claims against those defendants be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's federal claims against Sheriff Newell Normand and Chief Monfra be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

It is **FURTHER RECOMMENDED** that the motion for summary judgment filed by Sheriff Newell Normand and Chief Monfra, Rec. Doc. 27, be **DENIED AS MOOT**.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims, if any, be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>,

79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of February, 2018.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**